# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

**ELIZABETH JOHNSON HARMER,**
Individually and as a former limited partner, minority shareholder, and/or member in Wyatt-Johnson Automotive Group, Inc. f/k/a Wyatt-Johnson Buick, Pontiac, GMC Truck, Inc.; Wyatt-Johnson Automotive, LLC; WJK, LLC; Wyatt-Johnson Nashville Ford, LLC; Wyatt-Johnson Vehicle Sales, LLC; Universal Insurance of Clarksville Reinsurance, Ltd.; Kenwood Reinsurance; Kenwood Holdings, Ltd.; Volunteer Corporation; Auto Credit Corporation; and ABRA Auto Body+Glass, LLC; Johnson Properties, L.P.; as a limited partner in Johnson Farm Management, L.P.; as a partner, shareholder, or member in Wika Rocks Reinsurance, Ltd. and Johnson Realty Strategic Investors, LLC; and as a beneficiary of the Elizabeth Louise Harmer 2001 Family Irrevocable Trust and the Elizabeth Louise Harmer 2010 Family Irrevocable Trust,

**Plaintiff,**

**v.**

**KATHERINE JOHNSON CANNATA,**
Individually and as a former general partner, officer, director, minority shareholder and/or member in Wyatt-Johnson Automotive Group, Inc. f/k/a Wyatt-Johnson Buick, Pontiac, GMC Truck, Inc.; Wyatt-Johnson Automotive, LLC; WJK, LLC; Wyatt-Johnson Nashville Ford, LLC; Wyatt-Johnson Vehicle Sales, LLC; Universal Insurance of Clarksville Reinsurance, Ltd.; Kenwood Reinsurance; Kenwood Holdings, Ltd.; Volunteer Corporation; and ABRA Auto Body+Glass, LLC; as a former limited partner in Johnson Properties, L.P.; as a general and limited partner of Johnson Farm Management, L.P.; as a partner or member in WJAG, LLC, Wika Rocks Reinsurance, Ltd., and Johnson Realty

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Civil Action Number 3:22-cv-00976**

**District Judge William L. Campbell, Jr.**
**Magistrate Judge Alistair Newbern**

**JURY DEMAND**

Strategic Investors, LLC; as Trustee and sole     )
beneficiary of the Louise W. Johnson Family       )
Trust No. 1; and as Successor Trustee of the      )
Elizabeth Louise Harmer 2001 Family               )
Irrevocable Trust,                                )
                                                  )
**and**                                           )
                                                  )
**SIDNEY JOHNSON, JR.,** Individually and         )
as a former general partner, officer, director,   )
minority shareholder and/or member in Wyatt-      )
Johnson Automotive Group, Inc. f/k/a Wyatt-       )
Johnson Buick, Pontiac, GMC Truck, Inc.;          )
Wyatt-Johnson Automotive, LLC; WJK, LLC;          )
Wyatt-Johnson Nashville Ford, LLC; Wyatt-         )
Johnson Vehicle Sales, LLC; Universal             )
Insurance of Clarksville Reinsurance, Ltd.;       )
Kenwood Reinsurance; Kenwood Holdings,            )
Ltd.; Volunteer Corporation; and ABRA Auto        )
Body+Glass, LLC; as a former limited partner      )
in Johnson Properties, L.P.; as a limited         )
partner of Johnson Farm Management, L.P.; as      )
a member of WJAG, LLC; as a partner or            )
member in Johnson Realty Strategic Investors,     )
LLC; and as Trustee and sole beneficiary of       )
the Louise W. Johnson Family Trust No. 2,         )
                                                  )
      **Defendants.**                          )

---

## MOTION TO DISMISS DUE TO A LACK OF SUBJECT MATTER JURISDICTION

---

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(7), 12(h)(3), and 19 and for the reasons set forth below, Defendants Katherine Johnson Cannata and Sidney Johnson, Jr. (collectively, the "Individual Defendants") respectfully move this Court to dismiss Plaintiff Elizabeth Johnson Harmer's Complaint for lack of subject matter jurisdiction ("Motion"). In further support of this Motion, Mrs. Cannata and Mr. Johnson rely upon their Memorandum of Law in Support and the Declaration of Charles I. Malone, both of which are being filed contemporaneously.

2

As grounds for this Motion, the Individual Defendants would show the Court as follows:

1. In her Complaint, Mrs. Harmer asserts various claims both in her individual capacity and in her capacity as a partner, shareholder, and/or member of the coined Johnson "family businesses" (the "Family Businesses"). Mrs. Harmer asserts all such claims against her siblings, Mrs. Cannata and Mr. Johnson, both in their individual capacities and in their respective capacities as partners, officers, directors, shareholders, and/or members of the Family Businesses. Mrs. Harmer, Mrs. Cannata, and Mr. Johnson all are current and/or former owners of the Family Businesses.

2. The Family Businesses referenced in the Complaint include, but are not limited to, the following: Wyatt Johnson Automotive Group, Inc., f/k/a Wyatt-Johnson Buick, Pontiac, GMC Truck, Inc., Wyatt-Johnson Automotive, LLC, WJK, LLC, Wyatt Johnson Nashville Ford, LLC, Wyatt Johnson Vehicle Sales, LLC, Johnson Properties, L.P., Johnson Farm Management, L.P., Johnson Realty Strategic Investors, LLC.

3. Mrs. Harmer's claims are comprised of various grievances related to the ownership and management of the Family Businesses listed above. Mrs. Harmer asserts derivative claims for breaches of fiduciary duty against the Individual Defendants and also requests that the Court order a full accounting of each Family Business.

4. While Mrs. Harmer lists all of the Family Businesses in the caption of her Complaint, she did not list them as parties under the section of her Complaint entitled "Parties, Jurisdiction, and Venue," and she did not serve them with process.

5. Despite Mrs. Harmer's attempt to create federal court jurisdiction through "artful" and "creative" pleading, the Family Businesses are either already parties to this litigation, or they

3

are indispensable parties to this litigation pursuant to Federal Rule of Civil Procedure 19. Irrespective, the impact on this Court's jurisdiction is the same − there is none.

6. The presence of the Family Businesses as parties to this action destroys complete diversity of citizenship, because many of those Family Businesses, as unincorporated entities, are necessarily citizens of the same states as their members or partners − Mrs. Harmer, Mrs. Cannata, and Mr. Johnson.

7. Without subject matter jurisdiction, this Court must dismiss the litigation so that Mrs. Harmer can elect whether to file her claims in a state court with jurisdiction over such claims.

Accordingly, the Court should grant Mrs. Cannata and Mr. Johnson's Motion and dismiss this litigation for lack of subject matter jurisdiction, because the parties do not have the diversity of citizenship required under 28 U.S.C. § 1332 to establish federal court subject matter jurisdiction.

Respectfully submitted,


*/s/ Charles I. Malone*
Charles I. Malone (TN BPR # 22904)
Lauren Patten (TN BPR # 27457)
Emma Wolfe (TN BPR #37409)
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
charlie.malone@klgates.com
lauren.patten@klgates.com
emma.wolfe@klgates.com
(615) 780-6700
(615) 780-6799

*Attorneys for Individual Defendants*
*Katherine Johnson Cannata and Sidney*
*Johnson, Jr.*

**CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U.S. Mail, first-class postage prepaid, this January 20, 2023, on the following:

Paul S. Davidson
Andrew A. Warth
Danielle N. Johns
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219

*/s/ Charles I. Malone*

5