UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELIZABETH JOHNSON HARMER,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHERINE JOHNSON CANNATA and SIDNEY JOHNSON, JR.,<br><br>    Defendants. | Case No. 3:22-cv-00976<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## **MEMORANDUM ORDER**

Defendants Katherine Johnson Cannata and Sidney Johnson, Jr., have filed a motion to stay discovery in this action until the Court has resolved their motion to dismiss for lack of subject-matter jurisdiction (Doc. No. 16). (Doc. No. 19.) Plaintiff Elizabeth Johnson Harmer opposes the motion to stay discovery. (Doc. No. 25.) Defendants have filed a reply. (Doc. No. 28.) For the reasons that follow, the motion to stay discovery will be granted.

Federal Rule of Civil Procedure 26 allows parties to a case to engage in discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). The trial court may exercise its discretion to "set the timing and sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

It is the general policy of this Court that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by [Federal Rule of Civil Procedure 26(d)] or by order of the Court . . . ." M.D. Tenn. R. 16.01(g) (discovery conference, discovery plan, and stays of discovery). However, the Court also recognizes that its power to stay discovery "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," including while preliminary questions that may resolve the case are pending. *Nissan North America, Inc. v. DeltaWing Project 56, LLC,* 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015); *see also Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) ("District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered."). The decision to stay discovery is context specific. Indeed, the parties have cited authority from this Court and many others that, read together, shows that the decision to stay discovery is not subject to uniform rules. *See Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786196, at *1 (M.D. Tenn. July 6, 2016) (compiling cases "illustrative of the wide discretion enjoyed by district courts in deciding whether to grant a stay of merits discovery while a dispositive motion is pending"). This Court has recognized that a motion to stay discovery may be particularly appropriate in a case where, as here, the Court's jurisdiction is in question. *See Solomon v. Solomon*, No. 3:21-0498, 2022 WL 1460364, at *1 (M.D. Tenn. Feb. 15, 2022) (endorsing Judge Todd Campbell's finding that, "in a case where jurisdiction is challenged . . . 'should the Court find it has no jurisdiction and dismiss the action, ' the Defendants 'would have no need for the burden or expense of participating in the litigation'"). It has also found no good cause to stay discovery while a motion challenging jurisdiction is pending. *See, e.g.*, *Bridgestone Americas*, 2016 WL 11786196, at *4. Ultimately, the Court must "'weigh the burden

of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery . . . and take into account any societal interests which are implicated by either proceeding or postponing discovery.'" *Id.* at *1 (quoting *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)).

The particular circumstances of this case, as described in the parties' filings, demonstrate that a stay is appropriate here. The motion to dismiss raises issues regarding the proper parties to this action—specifically, whether the corporate entities of which Harmer seeks an accounting must be named as defendants—and the appropriate claims to be pursued that will directly affect the scope of discovery. Litigating those questions in the context of discovery disputes while the motion to dismiss is pending may lead to inconsistent rulings and duplicative expenditure of judicial resources. The burden to Defendants and to the Court of proceeding with discovery outweighs any prejudice to Harmer of any delay. *See Nissan North America, Inc.,* 2015 WL 7756146, at *2.

Accordingly, Defendants' motion to stay discovery pending the resolution of their motion to dismiss (Doc. No. 19) is GRANTED. The parties shall move to set an initial case management conference no later than seven days after the Court resolves the motion to dismiss if the case remains in this forum.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge